1  PANISH SHEA & BOYLE LLP
   BRIAN PANISH, State Bar No. 116060
2  KEVIN R. BOYLE, State Bar No. 192718
   RAHUL RAVIPUDI, State Bar No. 204519
3  11111 Santa Monica Boulevard, Suite 700
   Los Angeles, California 90025
4  Telephone: 310.477.1700
   Facsimile: 310.477.1699
5
   PILOT LAW, P.C.
6  BRIAN J. LAWLER, State Bar No. 221488
   701 B Street, Suite 1170
7  San Diego, CA 92101
   Telephone: 619.255.2398
8  Facsimile: 619.231.4984

9  Attorneys for Plaintiffs

10

11              **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13

14  The ESTATE OF JONATHAN JESSE        Case No.
    SHIVELY by and through its personal
15  representative, WALTER LEE           **COMPLAINT FOR DAMAGES**
    MATKOVICH; FAY SHIVELY, an
16  individual, JOHN SHIVELY, an         **1.   NEGLIGENCE-PRODUCT
    individual, ROGER CARPENTER, an            LIABILITY**
17  individual, and KIM CARPENTER, an
    individual                          **2.   STRICT PRODUCT
18                                            LIABILITY**
          Plaintiffs,
19                                      **3.   BREACH OF EXPRESS
           v.                                AND IMPLIED WARRANTY**
20
    ESTERLINE TECHNOLOGIES            **4.   LOSS OF CONSORTIUM**
21  CORP, a corporation; BOEING
    COMPANY, a corporation; TIMKEN     **DEMAND FOR JURY TRIAL**
22  AEROSPACE TRANSMISSIONS
    LLC., a corporation, and DOES 1
23  through 10¨, inclusive,

24         Defendants.

25

26

27

28

                                 1
                    COMPLAINT FOR DAMAGES

COME NOW Plaintiffs WALTER LEE MATKOVICH, Personal Representative of the Estate of JONATHAN JESSE SHIVELY, deceased; FAY SHIVELY, JOHN SHIVELY, ROGER CARPENTER, and KIM CARPENTER (hereinafter referred to as "Plaintiffs"), by and through their attorneys, Brian J. Panish, Kevin R. Boyle, and Rahul Ravipudi of Panish, Shea & Boyle, LLP and Brian J. Lawler of Pilot Law, P.C., hereby complain of Defendants and DOES 1 through 100, inclusive (collectively, "Defendants"), and each of them, and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.     This Court's jurisdiction arises under federal diversity jurisdiction as provided by Title 28 U.S.C. Section 1332. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the action is between citizens of different states, per §1332(1).

2.     Plaintiff, the Estate of Jonathan Shively, is and was a citizen and resident of the state of South Carolina. Plaintiff Walter Lee Matkovich has been appointed Personal Representative of the Estate of Jonathan Shively by a court in the county of the decedent's domicile.

3.     Plaintiffs Roger Carpenter and Kim Carpenter are and were citizens and residents of the state of South Carolina.

4.     Plaintiffs Fay Shively and John Shively, the parents and intestate heirs of the decedent, Jonathan Shively, are and were citizens and residents of the state of New York.

5.     Defendant Esterline Technologies Corp.'s ("Esterline") is headquartered in the state of Washington.  Esterline and manufactures MASON aircraft controls and communications equipment, which are component parts at issue in this action, at its Sylmar, California, facility.  Esterline purchased California-based MASON Controls and continues to market MASON parts under the MASON

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California  90025
310.477.1700 phone • 310.477.1699 fax

1  name.  At all times relevant herein, Defendant was a corporation authorized to do,

2  has regularly done, and is continually and systematically doing business in the

3  County of Los Angeles, State of California.

4        6.     Defendant Boeing Company's ("Boeing") principal place of business

5  headquartered in the state of Illinois.  At all times relevant herein, Defendant was a

6  corporation authorized to do, has regularly done, and is continually and

7  systematically doing business in the County of Los Angeles, State of California.

8        7.     Defendant Timken Aerospace Engineering, LLC's ("Timken") is

9  headquartered in the state of Ohio. At all times relevant herein, Defendant was a

10  corporation authorized to do, has regularly done, and is continually and

11  systematically doing business in the County of Los Angeles, State of California.

12        8.     The true names and capacities, whether individual, plural, corporate,

13  partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown

14  to Plaintiffs who therefore sue said defendants by such fictitious names. The full

15  extent of the facts linking such fictitiously sued defendants is unknown to Plaintiffs.

16  Plaintiffs are informed and believe, and thereupon allege, that each of the defendants

17  designated herein as a DOE was, and is, negligent, or in some other actionable

18  manner, responsible for the events and happenings hereinafter referred to, and

19  thereby negligently, or in some other actionable manner, legally and proximately

20  caused the described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek

21  leave of the Court to amend this Complaint to show the defendants' true names and

22  capacities after the same have been ascertained. Defendants DOES 1 through 100

23  inclusive are believed not to be citizens of the State of South Carolina.  All

24  allegations in this Complaint are also to be deemed made against DOES 1 through

25  100.  When "Defendants" is used in this Complaint, it is intended to and does

26  include DOES 1 through 100.

27        9.     Plaintiffs are informed and believe, and thereupon allege, that at all

28  times mentioned herein, Defendants, and each of them, including DOES 1 through

100, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

10.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.  Particularly, the force trim system at issue in this case was manufactured in Los Angeles County,  California.

## GENERAL ALLEGATIONS

11.     On May 2, 2010, Plaintiffs decedent First Lieutenant Jonathan Shively and Plaintiff Chief Warrant Officer 2 Roger Carpenter were performing a routine training flight as crewmembers of an AH-64D Apache Longbow Helicopter, number 00-05190 ("Helicopter") at the McEntire Joint National Guard Base ("McEntire JNGB") in Eastover, South Carolina.  The Helicopter came apart while the Helicopter was sitting on the runway, injuring and killing First Lieutenant Shively, and severely injuring Chief Warrant Officer Carpenter.

12.     Plaintiffs are informed and believe, and thereupon allege, that the subject Helicopter was assembled, manufactured, marketed, and introduced into the stream of commerce by Defendant Boeing through its acquisition of McDonnell Douglas Helicopter, Co. Plaintiffs are informed and believe, and thereupon allege, that since the time in which McDonnell Douglas Helicopter, Co., assembled, manufactured, marketed and introduced the Helicopter into the stream of commerce, Defendant Boeing  acquired McDonnell Douglas Helicopter, Co., and as such, has assumed legal responsibilities for personal injury caused by the unreasonably dangerous defects in the assembly, manufacture, inspection, testing, and marketing

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California  90025
310.477.1700 phone • 310.477.1699 fax

1  of the subject Helicopter and its component parts, and/or caused by the unsafe and

2  unairworthy condition of said Helicopter and its component parts, attributable to

3  McDonnell Douglas Helicopter, Co.'s conduct, negligence, wrongdoing, omissions,

4  and/or failure to warn, that caused or contributed to the crash of the Helicopter, and

5  the resulting serious and permanent injuries and death.

6       13.    At the time that the Helicopter left the custody and control of Boeing, it

7  was defective and unreasonably dangerous in one or more of the following respects,

8  among other defects:

9       (a)    the mast support base assembly on the Helicopter had pre-existing

10          metallurgical and other manufacturing defects and was subject to cracking

11          and failing under normal and foreseeable circumstances;

12       (b)    the force trim system for the cyclic in the Helicopter had manufacturing

13          defects and accordingly was not functioning as intended or expected by

14          activating and deactivating without any warning under normal and

15          foreseeable circumstances.

16       (c)    the Helicopter failed to contain any warnings of the above-described

17          defects.

18       14.    On a date prior to May 2, 2010, defendant Timken and DOES 1

19  through 100, inclusive, manufactured, assembled and sold component parts of the

20  Helicopter, including, but not limited to the mast support base assembly.

21       15.    On a date prior to May 2, 2010, defendant Esterline and DOES 1

22  through 100, inclusive manufactured, assembled and sold component parts of the

23  Helicopter, including, but not limited to the force trim system in the Helicopter.

24       16.    At the time that the component parts of the Helicopter left the custody

25  and control of defendant Timken and DOES 1 through 100, inclusive, they were

26  defective and unreasonably dangerous in one or more of the following respects,

27  among other defects:

28       (a)    the mast support base assembly on the Helicopter had pre-existing

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   metallurgical and other manufacturing defects and was subject to cracking

2   and structural failure under normal and foreseeable circumstances;

3   (b)   the Helicopter failed to contain any warnings of the above-described

4   defects.

5   17.   At the time that the component parts of the Helicopter left the custody

6   and control of defendant Esterline and DOES 1 through 100 inclusive, they were

7   defective and unreasonably dangerous in one or more of the following respects,

8   among other defects:

9   (a)   the force trim system in the Helicopter had manufacturing defects and

10   accordingly was not functioning as intended or expected by activating and

11   deactivating without any warning under normal and foreseeable

12   circumstances

13   (b)   the Helicopter failed to contain any warnings of the above-described

14   defects.

15   18.   As the direct and proximate result of one or more of the aforesaid

16   defective and unreasonably dangerous conditions of the Helicopter, it was caused to,

17   and did, crash while taxiing on the tarmac at McEntire JNGB at or around 2:40 p.m.

18   on May 2, 2010 and Plaintiff Chief Warrant Officer 2 Roger Carpenter suffered

19   certain serious and debilitating injuries and Plaintiff's decedent First Lieutenant

20   Jonathon Shively was killed.

21

22   **FIRST CAUSE OF ACTION**

23   **(Negligence-Product Liability)**

24   19.   COME NOW all Plaintiffs, and for a First Cause of Action against all

25   Defendants, including DOES 1 through 100, and each of them, complain and allege

26   as follows:

27   20.   Plaintiffs reallege and incorporate paragraphs 1 through 18, inclusive of

28   the Introduction, Identification of Parties, and General Allegations, above.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

21.     Plaintiffs are informed and believe, and thereupon allege, that the Defendants, and each of them manufactured, fabricated, assembled, distributed, bought, sold, serviced, supplied, and/or modified the subject Helicopter and its component parts, including but not limited to, the mast base assembly and the force trim system in the Helicopter.

22.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the subject Helicopter and its component parts were defective when placed into the stream of commerce by Defendants, and each of them, and was of such a nature that the defects would not be discovered in normal inspection and operation by users thereof.

23.     Plaintiffs are informed and believe, and thereupon allege, that on or about May 2, 2010, the subject Helicopter and its component parts were being operated and used in a reasonably foreseeable manner.

24.     Plaintiffs are informed and believe, and thereupon allege, that the Defendants, as manufacturers, distributors, suppliers, and sellers of the Helicopter and its component parts, owed a duty of care to all Plaintiffs that the Helicopter and its components parts would not be placed into the stream of commerce in a defective condition.

25.     Plaintiffs are informed and believe, and thereupon allege, that the Defendants were negligent in the manufacture and marketing of the Helicopter and its component parts, including but not limited to, the mast base assembly and the force trim system, such that Defendants knew or should have known in the exercise of ordinary care that the Helicopter and its component parts were defective and unreasonably dangerous to those persons likely to use such products for the purpose and manner for which they were intended to be used, and for purposes reasonably foreseeable to Defendants. Defendants were negligent in the particulars set forth in this and the proceeding paragraphs, and said negligence was a direct, proximate, and producing cause of the subject crash, which is the basis of this action, and the

7

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  resulting serious and debilitating injuries and damages sustained by Plaintiff Roger

2  Carpenter and the fatal injuries sustained by Plaintiffs' decedent, Jonathan Shively.

3       26.    Plaintiffs are informed and believe, and thereupon allege, that

4  Defendants knew, or in the exercise of ordinary care should have known, of the

5  means of manufacturing the Helicopter and its component parts, such that the type

6  of incident and resulting injuries as described herein would be prevented. The

7  Defendants had actual knowledge that manufacturing such an aircraft and its

8  component parts in a defective condition, as alleged herein, would be unreasonably

9  dangerous and cause incidents such as the crash alleged herein.

10      27.    Plaintiffs are informed and believe, and thereupon allege, that the

11  Defendants were additionally negligent in that they failed to provide proper

12  warnings or instructions to ordinary users thereof, including Plaintiff Roger

13  Carpenter and Plaintiffs' decedent, Jonathan Shively, and failed to recall or timely

14  recall the products or make appropriate post-marketing efforts to prevent incidents

15  such as the one included herein.

16      28.    Plaintiffs are informed and believe, and thereupon allege, that

17  Defendants were negligent in their failure to give adequate or proper warnings or

18  instructions to the users thereof, including Plaintiff Roger Carpenter and Plaintiffs'

19  decedent, Jonathan Shively, for the reasonable and foreseeable use of the Helicopter

20  and its component parts, and failed to make appropriate efforts to prevent incidents

21  such as the one included herein, and that Defendants knew or reasonably should

22  have known that users thereof, including Plaintiff, would not realize such dangers to

23  which Defendants had failed to warn users thereof.

24      29.    Plaintiffs are informed and believe, and thereupon allege, that

25  reasonable manufacturers, distributors and sellers of the said Helicopter and its

26  component parts under the same or similar circumstances would have provided such

27  warnings and instructions for the use of the Helicopter and its component parts.

28      30.    Plaintiffs are informed and believe, and thereupon allege, Defendants

8

COMPLAINT FOR DAMAGES

PANISH SHEA & BOYLE LLP

11111 Santa Monica Boulevard, Suite 700
Los Angeles, California  90025
310.477.1700 phone • 310.477.1699 fax

1   violated their duty and were negligent in those acts previously described, and further

2   described herein. Defendants' negligent acts, collectively and/or severally, were the

3   direct and proximate cause or causes of the incident, which is the basis for this

4   action, and the serious and debilitating injuries sustained by Plaintiff Roger

5   Carpenter and the fatal injuries sustained by Jonathan Shively.

6        31.    The defective condition of the Helicopter and its component parts, and

7   the resulting crash of the Helicopter, was caused by the negligence, recklessness,

8   wrongdoing, tortuous conduct, careless acts and omissions of the Defendants in the

9   manufacture, assembly, construction, testing and marketing of the Helicopter and its

10  component parts, and in said Defendants' failure to warn of and to take appropriate

11  remedial action with respect to the known dangerously defective conditions, and

12  failure to provide proper instructions for the use of the Helicopter and its component

13  parts.

14       32.    Plaintiffs are informed and believe, and thereupon allege, that as a

15  further direct and proximate result of the acts of the Defendants in defectively

16  manufacturing said products and failing to provide adequate warnings and

17  instructions, Plaintiffs suffered grave injuries and death for which Defendants are

18  liable.

19

20                       **SECOND CAUSE OF ACTION**

21                         **(Strict Product Liability)**

22       33.    COME NOW all Plaintiffs, and for a Second Cause of Action against

23  all Defendants, and DOES 1 through 100, inclusive, and each of them, complain and

24  allege as follows:

25       34.    Plaintiffs reallege and incorporate paragraphs 1 through 33 above.

26       35.    Plaintiffs are informed and believe, and thereupon allege, that the

27  Helicopter and its components parts, including but not limited to, the mast base

28  assembly and the force trim system contained therein  were defective and

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  unreasonably dangerous by reason of defective manufacture and failure of the

2  Defendants to give adequate and proper warnings of the dangers existing therein,

3  and adequate instructions regarding the avoidance of such dangers in the use of the

4  Helicopter and its component parts.

5       36.    Plaintiffs are informed and believe, and thereupon allege, that the

6  defective and unreasonably dangerous conditions in the Helicopter and its

7  component parts exposed Plaintiff Roger Carpenter and Plaintiffs' decedent,

8  Jonathan Shively, to unreasonable risk of harm and were a proximate and producing

9  cause of Plaintiff's serious and permanent injuries and death.

10       37.    Plaintiffs are informed and believe, and thereupon allege, that

11  Defendants are in the business of manufacturing, selling, marketing and/or

12  distributing the subject Helicopter and its component parts, which are distributed

13  and sold throughout the United States, as well as the state of California, and as such

14  are liable to the Plaintiff for damages under the theory of strict products liability.

15       38.    Plaintiffs are informed and believe, and thereupon allege, that at the

16  time the Helicopter and its component parts were sold, converted, marketed and/or

17  placed into the stream of commerce by the Defendants, such products were

18  defective and unreasonably dangerous as that term is defined in law to persons who

19  could reasonably be expected to use them, that such defects and unreasonably

20  dangerous conditions were known by Defendants at the time the Helicopter and its

21  component parts were sold, converted, marketed and/or placed into the stream of

22  commerce, and these defective and unreasonably dangerous conditions were a

23  proximate and producing cause of Plaintiff's serious and permanent injuries.

24       39.    Plaintiffs are informed and believe, and thereupon allege, that

25  Defendants Timken, Boeing, and DOES 1 through 100, inclusive, defectively

26  manufactured the mast base assembly rendering this product unreasonably

27  dangerous to Plaintiffs. Said defective condition was a proximate and producing

28  cause of the Helicopter crash and the injuries to Plaintiff Roger Carpenter and fatal

1   injuries to decedent, Jonathan Shively.

2      40.    Plaintiffs are informed and believe, and thereupon allege, that

3   Defendants that Defendants Timken, Boeing, and DOES 1 through 100, inclusive,

4   placed the subject mast base assembly into the stream of commerce in a defective

5   condition. Such defects described above, rendered the Helicopterunreasonably

6   dangerous.

7      41.    Plaintiffs are informed and believe, and thereupon allege, that

8   Defendants Esterline, Boeing, and DOES 1 through 100, inclusive, defectively

9   manufactured the force trim system for the Helicopter rendering this product

10  unreasonably dangerous to Plaintiffs. Said defective condition was a proximate and

11  producing cause of the Helicopter crash and the injuries to Plaintiff Roger Carpenter

12  and fatal injuries to decedent, Jonathan Shively.

13     42.    Plaintiffs are informed and believe, and thereupon allege, that

14  Defendants Esterline, Boeing, and DOES 1 through 100, inclusive, placed the force

15  trim system into the stream of commerce in a defective condition. Such defects

16  described above, rendered the Helicopter unreasonably dangerous.

17     43.    Plaintiffs are informed and believe, and thereupon allege, the

18  Helicopter and its component parts, were also defective by reason of Defendants'

19  failure to include or place with it adequate and proper warnings and instructions as

20  to dangers associated with the manufacture, assembly, and foreseeable use of the

21  products, including but not limited to the mast base assembly and the force trim

22  system and its component parts and how to avoid such dangers, and further, failed to

23  recall the products to prevent incidents such as the one included herein. Such defects

24  rendered the Helicopter and its component parts unreasonably dangerous and were a

25  proximate and producing cause of the damages sustained by Plaintiffs.

26     44.    Plaintiffs are informed and believe, and thereupon allege, that

27  Defendants were negligent in their failure to give adequate or proper warnings or

28  instructions to the users thereof, including Plaintiff Roger Carpenter and Plaintiffs'

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

decedent, Jonathan Shively, for the reasonable and foreseeable use of the Helicopter and its component parts, and failed to make appropriate efforts to prevent incidents such as the one included herein, and that Defendants knew or reasonably should have known that users thereof, including Plaintiff, would not realize such dangers to which Defendants had failed to warn users thereof. Said defective conditions were a proximate and producing cause of the damages and injuries sustained by Plaintiff.

45.     Plaintiffs are informed and believe, and thereupon allege, Defendants are the manufacturers, assemblers, and/or distributors of the subject Helicopter and its component parts, who hold and have held themselves out to the public as having superior knowledge, skill and experience in the construction, assembly, manufacture, testing, and inspection of such aircraft and its component parts; and, in the course of business as aerospace manufacturers, Defendants constructed, assembled, and manufactured the Helicopter and its component parts; Defendants expressly and impliedly warranted were fit for intended use, being airworthy and free of unreasonably dangerous defects; and Defendants marketed, sold, distributed and caused the Helicopter and its component parts to be introduced into the stream of commerce.

46.     Plaintiffs are informed and believe, and thereupon allege, that the crash of the Helicopter and the resulting injuries to Plaintiff, were proximately caused and/or substantially contributed to by latent and unreasonably dangerous defects in the manufacture of said aircraft and its component parts, and Defendants' failure to warn and/or provide adequate instructions for the use and maintenance of the Helicopter and its component parts.

47.     Plaintiffs are informed and believe, and thereupon allege, that at the time the Helicopter and its component parts were sold, converted, marketed and/or placed into the stream of commerce by Defendants, such products were defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use them, and these defective and unreasonably

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   dangerous conditions were a producing cause of Plaintiff's damages. The Helicopter

2   and its component parts were also defective by reason of Defendants' failure to

3   include or place with it adequate and proper warnings and instructions as to dangers

4   associated with the manufacture, construction, assembly, and foreseeable use of the

5   products and how to avoid such dangers, and these defects rendered the subject

6   aircraft unreasonably dangerous.

7        48.    Plaintiffs are informed and believe, and thereupon allege, by reason of

8   the foregoing, Defendants are strictly liable in tort to Plaintiffs for the serious and

9   permanent injuries and death caused by the crash of the subject Helicopter.

10       49.    Plaintiffs are informed and believe, and thereupon allege, that the

11  conduct of Defendants as alleged herein, was reckless, willful, oppressive, malicious

12  and done with reckless and wanton disregard for the rights and safety of the

13  Plaintiffs with knowledge of the defects at issue, and in conscious disregard of the

14  safety hazards raised by those defects.

15

16                        **THIRD CAUSE OF ACTION**

17                          **(Breach of Warranties)**

18       50.    COME NOW all Plaintiffs, and for a Third Cause of Action against all

19  Defendants, and DOES 1 through 100, inclusive, and each of them, complain and

20  allege as follows:

21       51.    Plaintiffs reallege and incorporate paragraphs 1 through 50 above.

22       52.    Plaintiffs are informed and believe, and thereupon allege, that

23  Defendants, by and through the sale and distribution of the products in question,

24  expressly and impliedly warranted to the public generally, and to Plaintiff

25  specifically, that the products in question were fit for the purposes for which they

26  were intended.

27       53.    Plaintiffs are informed and believe, and thereupon allege, that at the

28  time such products were marketed, sold and distributed, Defendants were in the

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

business of selling such products, and hold and have held themselves out to the public as having superior knowledge, skill and experience in the construction, assembly, and manufactureof such aircraft and its component parts; and, in the course of business as aerospace manufacturers, Defendants constructed, assembled, and manufactured the Helicopter and its component parts; and Defendants expressly and impliedly warranted were fit for intended use, being airworthy and free of unreasonably dangerous defects.

54.    Plaintiffs are informed and believe, and thereupon allege, that Plaintiff made reasonable and foreseeable use of the products as alleged herein, and relied on the express and implied warranties made by Defendants.

55.    Plaintiffs are informed and believe, and thereupon allege, that contrary thereto, the products in question, the Helicopter and its component parts, were not fit for their intended and foreseeable uses, thereby rendering the products in question unreasonably dangerous.

56.    Plaintiffs are informed and believe, and thereupon allege, that Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above, and because of improper marketing involved in Defendants' failure to warn of the products' inadequacies and/or defects and failure to instruct in the safe use, operation, and maintenance of such products.

57.    Plaintiffs are informed and believe, and thereupon allege, that Defendants' breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous, and were a proximate and producing cause of the subject crash and the resulting injuries sustained by Plaintiff. Further, Defendants' conduct was undertaken knowingly and intentionally.

58.    Plaintiffs are informed and believe, and thereupon allege, that the crash of the Helicopter, and the resulting damages to Plaintiffs, were proximately caused and/or substantially contributed to by Defendants' breach of express and implied

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  warranties of the Helicopter and its components parts' fitness for use, and

2  Defendants' breach of its representation that the Helicopter and its component parts

3  were free of latent and unreasonably dangerous defects in manufacturer, marketing,

4  and distribution.

5      59.    Plaintiffs are informed and believe, and thereupon allege, that as

6  personnel of the United States Army, and members of the general public, Plaintiffs

7  relied to their detriment upon Defendants' representations.

8      60.    Plaintiffs are informed and believe, and thereupon allege, by reason of

9  the foregoing, Defendants are liable to Plaintiffs in Breach of Warranty for the

10  serious and permanent injuries and death sustained by Plaintiffs.

## FOURTH CAUSE OF ACTION

### (Loss of Consortium)

61.    COME NOW Plaintiffs Kim Carpenter, Fay Shively and John Shively,

and for a Fourth Cause of Action against all Defendants, and DOES 1 through 100,

inclusive, and each of them, complain and allege as follows:

62.    Plaintiffs reallege and incorporate paragraphs 1 through 18, inclusive,

of the Introduction, Identification of Parties, and General Allegations; paragraphs 19

through 33, inclusive, of the First Cause of Action; paragraphs 34 through 50,

inclusive, of the Second Cause of Action; and paragraphs 51 through 62, inclusive,

of the Third Cause of Action, above.

63.    Plaintiffs are informed and believe, and thereupon allege, at all times

herein mentioned, Plaintiffs Roger Carpenter and Kim Carpenter were, and are,

legally married as wife and husband.

64.    Plaintiff Kim Carpenter is informed and believes, and thereupon

alleges, as a direct and proximate result of the acts, omissions, and conduct of

Defendants, and each of them, and the resulting injuries and damages to Plaintiff

Roger Carpenter, Plaintiff Kim Carpenter has been deprived of the love,

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

companionship, comfort, affection, society, solace or moral support, protection, loss of enjoyment of sexual relations, and loss of physical assistance in the operation and maintenance of the home, of her husband, Roger Carpenter , and has hereby sustained, and will continue to sustain damages, in an amount to be stated according to proof.

65.     Plaintiffs are informed and believe, and thereupon allege, at all times herein mentioned, Plaintiffs Fay Shively and John Shively were, and are, the biological and legally recognized parents of decedent Jonathan Shively who died without children.

66.     Plaintiffs Fay Shively and John Shively are informed and believe, and thereupon allege, as a direct and proximate result of the acts, omissions, and conduct of Defendants, and each of them, and the resulting fatal injuries and death of Jonathan Shively, Plaintiffs has been deprived of the love, companionship, comfort, affection, society, solace or moral support, protection, and loss of physical assistance in the operation and maintenance of the home, of their son, Jonathan Shively, and has hereby sustained, and will continue to sustain damages, in an amount to be stated according to proof.

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), according to proof;

2.     For past and future hospital, medical, professional, and incidental expenses, in excess of Seventy-Five Thousand Dollars ($75,000.00), according to proof;

3.     For past and future loss of earnings, and loss of earning capacity, in excess of Seventy-Five Thousand Dollars ($75,000.00), according to proof;

4.     For damages to Plaintiffs' property, and economic damages related thereto, according to proof;

5.    For costs of suit incurred herein;

6.    For prejudgment interest, according to proof;

7.    For Plaintiffs' attorneys' fees; and

8.    For such other and further relief as the Court deems just and proper.

DATED: April 26, 2012

PANISH SHEA & BOYLE LLP, and
PILOT LAW, P.C.

By: _____

Brian J. Panish
Kevin R. Boyle
Rahul Ravipudi
Brian J. Lawler
Attorneys for Plaintiffs

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

17

COMPLAINT FOR DAMAGES

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: April 26, 2012

PANISH SHEA & BOYLE LLP, and
PILOT LAW, P.C.

By: _____

Brian J. Panish
Kevin R. Boyle
Rahul Ravipudi
Brian J. Lawler
Attorneys for Plaintiffs

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| The ESTATE OF JONATHAN JESSE SHIVELY by and through its personal representative, WALTER LEE MATKOVICH; FAY SHIVLEY, et al. | ESTERLINE TECHNOLOGIES CORP., a corporation; BOEING COMPANY, a corporation; TIMKEN AEROSPACE TRANSMISSIONS LLC, et al. |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Kevin R. Boyle<br>Panish Shea & Boyle LLP<br>11111 Santa Monica Boulevard<br>Suite 700<br>Los Angeles, CA 90025<br>310.477.1700 | |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** In Excess of $75,000

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title 28 U.S.C. Section 1332

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☒ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-03636

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
- [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
| | South Carolina<br>New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
- [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
| Los Angeles, County | Washington, Illinois, Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
| Los Angeles, County | Illinois, Ohio |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Kevin R. Boyle_     Date April 26, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

CENTRAL                     District of CALIFORNIA

The ESTATE OF JONATHAN JESSE SHIVELY by and
through its personal representative, WALTER LEE MATKOVICH;
FAY SHIVELY, an individual, JOHN SHIVELY, an individual,
ROGER CARPENTER, an individual, and KIM CARPENTER, an individual

              *Plaintiff*

v.

ESTERLINE TECHNOLOGIES CORP., a corporation; BOEING COMPANY,
a corporation; TIMKEN AEROSPACE TRANSMISSIONS LLC., a corporation,
and DOES 1 through 10 , inclusive.

              *Defendant*

)
)
)
)
)
)
)
)
)
)

**CV12-03636** PA(PLAx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brian Panish, Kevin R. Boyle and Rahul Ravipudi, Panish Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025
and Brian J. Lawler, Pilot Law, P.C., 701 B Street, Suite 1170, San Diego, CA 92101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

APR 2 6 2012

Date: _____

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

AO-440

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

CENTRAL          District of CALIFORNIA

The ESTATE OF JONATHAN JESSE SHIVELY by and
through its personal representative, WALTER LEE MATKOVICH;
FAY SHIVELY, an individual, JOHN SHIVELY, an individual,
ROGER CARPENTER, an individual, and KIM CARPENTER, an individual

*Plaintiff*

v.

ESTERLINE TECHNOLOGIES CORP, a corporation; BOEING COMPANY,
a corporation; TIMKEN AEROSPACE TRANSMISSIONS LLC., a corporation,
and DOES 1 through 10's, inclusive,

*Defendant*

**CV12-03636** PA (PLAx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brian Panish, Kevin R. Boyle and Rahul Ravipudi, Panish Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025
and Brian J. Lawler, Pilot Law, P.C., 701 B Street, Suite 1170, San Diego, CA 92101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

APR 2 6 2012

Date: _____

CLERK OF COURT

**JULIE PRADO**

SEAL

*Signature of Clerk or Deputy Clerk*

AO-440

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____0.00_____ for travel and $ ___0.00___ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                                    *Server's signature*

                                                     _____
                                                                  *Printed name and title*

                                                     _____
                                                                  *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

### CV12- 3636 PA (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.